UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
CLERK OF COURT

2005 APR 29  A II: 2

US...

| | | |
|---|---|---|
| Principal Residential Mortgage, | ) | C/A No. 2:05-1126-PMD-RSC |
| | ) | [Re: Case No. 2001-CP-10-3691] |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Rajnikant K. Shah; and | ) | **Order for Summary Remand** |
| Sunita Shah, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case was removed from the Court of Common Pleas for Charleston County. The *pro se* removing Defendants have paid the full filing fee. *See* Receipt No. SCX2000027.

The underlying case in state court was an action to foreclose on a mortgage. Mr. and Mrs. Shah filed a "petition" in this Court, which has been properly docketed as a Notice of Removal. (Document 1). Along with their Notice of Removal, the Shahs filed an appendix containing copies of all the documents from the state court foreclosure action. The undersigned has closely reviewed the state court documents as well as the allegations contained in the Notice of Removal.

In their Notice of Removal, the Shahs acknowledge that the state court complaint was filed against them in September 2001, and that they pursued the state foreclosure action all the way through to the entry of a deficiency judgment against them in June 2003. They also acknowledge that they filed an unsuccessful appeal of the deficiency judgment to the South Carolina Court of Appeals. The appeal was dismissed nearly one year later on May 6, 2004, and an unsuccessful petition for writ of certiorari to the South Carolina Supreme Court took nearly another full year. That process ended on March 2, 2005, a little over one month before the Shahs filed their Notice of Removal in this Court on April 15, 2005.

The state court documents show that the Shahs filed their answer and counterclaim to the state court complaint in December 2001.[1] In their Notice of Removal, the Shahs claim that certain "allegations in their Answer and Counterclaim [raised issues of] Respondent' (Plaintiff in state court) violation of certain provisions of the Real Estate Settlement Procedure Act of 1974, as amended, 12 U.S.C. Section

---

[1] Review of the actual answer and counterclaim filed by the Shahs in the state court action does not disclose any reference to or citation of RESPA. Instead, their claims about an alleged incorrect tax escrow adjustment/payment, which are the same as those discussed in the Notice of Removal, are titled with state court action wording such as "breach of contract" and "breach of fiduciary duty." Regardless of this inconsistency, for purposes of this Order, the undersigned accepts the Shahs present assertions to the effect that their state court answer and counterclaim were intended to raise federal claims under RESPA.

2601, et seq ....." They then claim that "the Federal Court would have original jurisdiction thereof[2] based on [the Shahs'] clam and or right arising under the laws of the United States of America." Later in the Notice, the Shahs claim, essentially, that since the state court did not favorably consider their alleged RESPA defenses and counterclaim allegations, that their "causes of action containing a federal question remains [sic] un-adjudicated." Based on this assertion, the Shahs then appear to contend that their filing of the Notice of Removal "within thirty (30) days after the service on [the Shahs] of the remittur from the South Carolina Court of Appeals to the Court of Common Pleas-County of Charleston ..."makes their removal attempt timely.

## DISCUSSION

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. *See* 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See, e.g.,* Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D. S.C. 1990)(collecting cases); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990). It is well settled that a Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or *within thirty days after the case becomes removable*. *See* 28 U.S.C. § 1446 (emphasis added); Heniford v. American Motors Sales Corporation, 471 F. Supp. 328 (D.S.C. 1979). Furthermore, it is also well settled that, absent diversity jurisdiction, a state court case will generally not be removable if the complaint does not affirmatively allege a federal claim. The fact that a federal-law based defense is asserted to an otherwise state-law based complaint does not make the state court case removable. *See* Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003), citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908); *see* Taylor v. Anderson, 234 U.S. 74, 76 (1914); *see also* City of Rome, N.Y. v. Verizon Communications, Inc., 362 F.3d 168, 174 (2d Cir. 2004).

The Shahs' Notice of Removal, even if otherwise appropriate, is clearly untimely. As a result, this Court cannot exercise jurisdiction over this case and it must be remanded to state court. As stated above, the state court complaint was filed in September 2001. The Shahs did not attempt to remove the case to this Court until April 15, 2005, over three years after the complaint was filed. Clearly, the attempted removal is untimely under the basic provisions of 28 U.S.C. § 1446 since it was not filed within thirty days after the complaint in state court was served. Furthermore, even assuming that the filing of the Shahs' state court answer and counterclaim allegedly raising federal claims caused this case to become "otherwise removable" under Heniford v. American Motors Sales Corporation, the Notice of Removal in this case is still far from timely. The Shahs' answer and counterclaim were filed on

---

[2]It is presumed that the use of the term "thereof" in this sentence, the Shahs meant their state court answer and counterclaim allegations about supposed violations of the Real Estate Settlement Procedure Act of 1974, commonly known as RESPA.

December 3, 2001. In other words, even if <u>Heniford</u> is controlling, the Shahs had until the first week of January 2002, to file a Notice of Removal. The Shahs are simply incorrect in their belief that a removal can be filed in a state court case after the case has proceeded to judgment and after all available state court appeals have been exhausted, even if the removal is filed within thirty days of the final order in any state appeal. Additionally, by pursuing the state court action through to judgment and by not filing a notice of removal by January 2002, the Shahs waived any right to removal that they might have otherwise had. *See* <u>Fate v. Buckeye State Mut. Ins. Co.</u>, 174 F. Supp. 2d 876, 881-82 (N.D. Ind. 2001). *Cf.* <u>Aqualon Co. v. Mac Equipment, Inc.</u>, 149 F.3d 262, 264 (4th Cir. 1998)(acknowledging the waiver rule, but finding it inapplicable under the circumstances of that case).

Although the Notice of Removal was not timely filed by the Shahs, a plaintiff's objection to an untimely removal by a defendant, in certain circumstances, is a waivable defense *when a federal district court otherwise would have subject-matter jurisdiction*. In other words, if there is federal question jurisdiction or if there is diversity of citizenship, a plaintiff must file a motion to remand within thirty days after the Notice of Removal was filed. *See* 28 U.S.C. § 1447(c). If a plaintiff does not file a motion to remand within thirty days of the filing of the Notice of Removal, the plaintiff waives all procedural defects in the removal. *See* <u>In Re Shell Oil Co.</u>, 932 F.2d 1523, 1527 & nn. 6-7 (5th Cir. 1991).

Even so, applicable case law and statutory law, including 28 U.S.C, § 1447(c), provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See* <u>Buchner v. Federal Deposit Ins. Corp.</u>, 981 F.2d 816, 818 (5th Cir. 1993)("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); <u>Page v. Wright</u>, 116 F.2d 449, 451-455 (7th Cir. 1940). *Cf.* <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 379 n. 15 (1981)(jurisdictional ruling cannot be made prospective only). As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction. In the case at bar, even if Principal Residential Mortgage does not object to the Notice of Removal within the time limit established by 28 U.S.C. § 1447(c), this case must still be remanded to the Court of Common Pleas for Charleston County. *See* <u>Williams v. AC Spark Plugs Div.</u>, 985 F.2d 783, 786 (5th Cir. 1993); *see also* 28 U.S.C. § 1447(c).

Although a federal court is not bound by the parties' characterization of a case or its appropriate parties, a district court must first look at the plaintiff's complaint filed in a state court to determine if "federal question" jurisdiction is present. *See* <u>Lyon v. Centimark Corp.</u>, 805 F. Supp. 333, 334 (E.D. N.C. 1992). District courts are authorized to disregard such characterizations only to avoid "unjust manipulation or avoidance of its jurisdiction." <u>Id.</u>, 805 F. Supp. at 334- 35.

As stated above, the complaint originally filed by Principal Residential Mortgage, Inc. in the Court of Common Pleas for Charleston County in September 2001 is a basic state-law property foreclosure action. The "well pled" allegations in the complaint clearly do not involve federal question jurisdiction. *See* <u>Gully v. First National Bank in Meridian</u>, 299 U.S. 109, 112- 13 (1936). Simply put, the underlying case filed in the Court of Common Pleas for Charleston County was a state-law suit, based on a breach

3

of contract, to collect a debt. As a result, the complaint filed by Principal Residential Mortgage, Inc. in September 2001 could not have been originally filed in this federal district court under its federal question jurisdiction because the action on the mortgage was a contractual matter arising solely under South Carolina law.[3]

As earlier stated, the Shahs claim that they raised RESPA-related federal claims in their answer and counterclaim, but that those claims were allegedly "un-adjudicated" in the various state court proceedings. Even if this were true, under cases such as <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. at 6 and <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. at 152, federal "claims" raised by way of defenses to state court actions do not provide a basis for removal under federal question jurisdiction. Furthermore, to the extent that the Shahs are attempting to remove the foreclosure action to this Court based on RESPA violations allegedly asserted in their state-court counterclaim, removal is not available on that basis either. The Shahs filed their counterclaim in the Court of Common Pleas for Charleston County, *not* in an original suit in the United States District Court for the District of South Carolina. Hence, *with respect to the Shahs' counterclaim,* they were actually "Plaintiffs" and, as a result, would not have been permitted to remove the case to this Court based on the counterclaim allegations because the removal statute applicable in civil actions is designed to allow only *Defendants* to remove cases to federal court. *See* 28 U.S.C. § § 1441-46.

The applicable federal law is unclear whether an Order or a Report and Recommendation for Remand to State Court should be entered in this case. *See* <u>Long v. Lockheed Missiles & Space Co.</u>, 783 F. Supp. 249 (D. S.C. 1992)(citing <u>Giangola v. Walt Disney World Co.</u>, 753 F. Supp. 148, 152 (D. N.J. 1990)(remand order is dispositive)). Most case law decided subsequent to <u>Long v. Lockheed Missiles & Space Co.</u> has indicated that the undersigned may enter an Order of Remand. *See, e.g.,* <u>Vaquillas Ranch Co. v. Texaco Exploration & Prod., Inc.</u>, 844 F. Supp. 1156, 1160-63 (S.D. Tex. 1994); <u>Holt v. Tonawanda Coke Corp.</u>, 802 F. Supp. 866, 868 (W.D. N.Y. 1991); <u>City of Jackson v. Lakeland Lounge of Jackson, Inc.</u>, 147 F.R.D. 122, 124 (S.D. Miss. 1993)("This Court joins that group of courts which hold that a motion to remand is nondispositive and can be determined by a magistrate judge by final order."); <u>McDonough v. Blue Cross of NE Penn.</u>, 131 F.R.D. 467 (W.D. Pa. 1990); *see also* <u>Pikkert v. Pastene</u>, 2003 WL 21154296 (4th Cir., May 20, 2003), *cert.denied,* 541 U.S. 987 (2004)(unpublished, but finding that a magistrate judge's remand order is not reviewable). However, the United States Court of Appeals for the First Circuit in <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 12-13 (1st Cir. 1992), noted the existence of conflicting authorities, but declined to resolve the issue:

It is evident that the magistrate and the district court judge in the instant case treated the motion to remand as a nondispositive matter within the authority of the magistrate to determine by final order. While we note the existing and conflicting caselaw on this issue, we need not enter the fray at this time for we conclude that, in any event, we lack jurisdiction over this appeal.

---

[3]For purposes of this case, it does not matter whether or not diversity of citizenship existed over the complaint at the time it was filed since the Shahs are not relying on diversity as a basis for their removal. They assert only that removal is proper because of the alleged federal question issues they raised in their answer and counterclaim. Notice, at 3.

4

Unauthorized Practice of Law Committee v. Gordon, 979 F.2d at 13.

In light of the greater weight of recent authorities holding that an order of remand can be entered by a magistrate judge, the undersigned is entering an Order. Even so, this Order can be appealed to a United States District Judge for review "under the clearly erroneous or contrary to law standard." Vaquillas Ranch Co., 844 F. Supp. at 1163; see McDonough v. Blue Cross of NE Penn. 131 F.R.D. at 467.

**IT IS THEREFORE ORDERED** that this case is remanded to the Court of Common Pleas for Charleston County. If either party in this case seeks to "appeal" this Order or to file objections to this Order (if this Order is treated as a Report and Recommendation), the Office of the Clerk of Court shall forward this case file and any objections or appeal(s) to a United States District Judge. *See* Fed. R. Civ. P. 72(a). The previously cited conflicting authorities indicate that a United States District Judge can review this order "under the clearly erroneous or contrary to law standard" *or* can treat this Order as a Report and Recommendation.

To avoid the problems that arose in the City of Jackson v. Lakeland Lounge case cited above, **IT IS FURTHER ORDERED that the Office of the Clerk of Court shall not immediately certify this Order to the Court of Common Pleas for Charleston County.** If both parties in this case fail to file an appeal of this Order or written objections to this Order (if this Order is treated as a Report and Recommendation) **within fourteen (14) days after this Order is filed,** the Office of the Clerk of Court shall then certify this Order to the Court of Common Pleas for Charleston County. If, however, either party files an appeal of this Order or written objections to this Order (if this Order is treated as a Report and Recommendation), the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any appeal or objections to a United States District Judge for a final disposition. The parties' attention is directed to the important notice on the next page.

S/Robert S. Carr
United States Magistrate Judge

April 28, 2005
Charleston, South Carolina

5

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **fourteen (14) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**