UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Principal Residential Mortgage, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. # 2:05-1126-PMD |
| ) | **ORDER** |
| Rajnikant K. Shah and ) | |
| Sunita Shah, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon *pro se* Defendants Rajnikant Shah's and Sunita Shah's removal of a state mortgage foreclosure action. Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), the magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. The record contains a Report and Recommendation ("R&R") of the United States Magistrate Judge. For the reasons set forth herein, the court remands the case to the Court of Common Pleas for Charleston County as recommended by the Magistrate.

## **BACKGROUND**

The underlying case in state court was an action to foreclose on a mortgage. Plaintiff filed its complaint in September 2001 and Defendants pursued the state foreclosure action until a deficiency judgment was entered against them in June 2003. Defendants acknowledge that they filed unsuccessful appeals to the South Carolina Court of Appeals and South Carolina Supreme Court. The appellate process ended on March 2, 2005, a little over one month before Defendants filed their notice of removal[1] on April 15, 2005.

---

[1] Defendants labeled their notice as "Petition."

In their notice, Defendants claim that Plaintiff's actions -- allegedly misappropriating funds from Defendants' mortgage escrow account -- violated provisions of the Real Estate Settlement Procedure Act of 1974 ("RESPA"), 12 U.S.C. § 2601, thereby granting the court jurisdiction over the matter.[2]

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R.  28 U.S.C. § 636 (b)(1).  After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  Accordingly, the R&R is adopted in whole and incorporated into this Order.

## ANALYSIS

As the Magistrate noted, Defendants essentially allege that since the state court did not favorably consider their alleged RESPA defenses and counterclaim allegations, their "causes of action containing a federal question remain [sic] un-adjudicated."  *Id.*  The court, however, remands the case because the notice of removal is untimely and granting removal would violate the well-pleaded complaint rule.

Federal law allows for the filing of a removal notice within thirty days after the

---

[2] As the Magistrate noted, in their answer and counterclaim Defendants did not make any reference or citation to RESPA.  Instead, they labeled Plaintiff's alleged impropriety as a "breach of contract" and "breach of fiduciary duty."  (Am. Answer/Countercl. ¶¶ 12-27.) Regardless of the inconsistency, for purposes of the Order, the court accepts Defendants' present assertion that their answer and counterclaim were intended to raise a federal question under RESPA.

complaint in state court has been served or filed. *See* 28 U.S.C. § 1446 (b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."). As the Magistrate noted, the complaint was filed in September 2001. Defendants did not attempt to remove the case until April 15, 2005, over three years later. As a result, Defendants' notice is untimely.

Moreover, under the well-pleaded complaint rule, courts look no further than the plaintiff's properly pleaded complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction, thereby making it subject to removal. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005). Here, Plaintiff did not allege a federal question and as a result, Defendants are unable to remove the suit through their counterclaims. *Freeman v. Duke Power Co.*, 114 Fed. Appx. 526, (4th Cir. 2004) ("Actions brought in state court are removable to federal court if the complaint raises a federal question. 28 U.S.C.S. §§ 1331, 1441(a). To determine whether a complaint raises a federal question, the court applies the well-pleaded complaint rule, which prevents a defendant from removing a case to federal court unless the plaintiff's complaint, without consideration of any potential defenses, establishes that the case arises under federal law.") (citations omitted); *Morris v. Police Civil Serv. Comm'n*, 1992 U.S. App. LEXIS 27805, *1, (4th Cir. Oct. 20, 1992) (acknowledging the general rule which states that a federal question must appear in a well-pleaded complaint for an action to be removable). Accordingly, upon the Magistrate's recommendation, the court remands the case

to the Court of Common Pleas for Charleston County.

## **CONCLUSION**

It is therefore **ORDERED** that this case is remanded to the Court of Common Pleas for Charleston County.

**AND IT IS SO ORDERED.**

**S/PATRICK MICHAEL DUFFY**
**PATRICK MICHAEL DUFFY**
**UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**June 13, 2005**

4